UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| DENNY GULLETT, | ) |
| Petitioner, | ) Civil Action No. 10-82-HRW |
| v. | ) |
| J.C. HOLLAND, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*\*  \*\*\*\*  \*\*\*\*

Denny Gullett is incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Gullett has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee [R. 5]. Having reviewed the petition[1], the Court must deny relief because Gullett's claims are not cognizable in a petition for a writ of habeas corpus pursuant to Section 2241.

In his petition, Gullett indicates that on July 21, 1994, he was convicted of "maliciously damaging a building by means of explosive, an act resulting in death, in violation of 18 U.S.C. § 844(i)." [R. 2 Exh. 1 at 2] On October 6, 1994, Gullett was sentenced to a 38-year term of incarceration. *United States v. Gullett*, 2:94-CR-00017-1 (S.D. W. Va. 1994). The Court of Appeals for the Fourth Circuit, explaining that the offense conduct involved an elaborate scheme by Gullett

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

to kill his business partner which resulted in the death of his partner's son, affirmed Gullett's conviction and sentence on direct appeal. In doing so, the Fourth Circuit rejected Gullett's argument that the trial court imposed an excessive sentence based upon his life expectancy. *United States v. Gullett*, 75 F.3d 941, 949-51 (4th Cir. 1996). Gullett now contends that the sentence imposed exceeded that maximum length permitted by statute because it was based upon a life expectancy of 75 years of age, whereas a 1997 report from the U.S. Department of Health and Human Services indicated that his life expectancy was 72.2 years. [R. 2 at 3]

The Court will deny the petition because Gullett may not assert this claim in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This

exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Gullett's claims do not challenge the validity of his conviction, but only of the sentence imposed. A challenge only to the sentence imposed does not fall within the reach of the savings clause. *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Peterman*, 249 F.3d 458, 462 (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."). Because Gullett's challenge relates to the accuracy and sufficiency of the factual basis used to determine his sentence, matters which could have been asserted during his criminal trial and direct appeal, his claim, even if meritorious, does not indicate that he was convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. They are therefore not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998). His petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Gullett's motion to expand the record [R. 4] is **GRANTED**. The Vital Statistics

Report, attached as Exhibit 1 to the motion, shall be considered part of the record in this proceeding.

    2.       Gullett's petition for a writ of habeas corpus [R. 2] is **DENIED.**

    3.       The Court will enter an appropriate judgment.

Entered this 9th day of August, 2010.

Signed By:
Henry R Wilhoit Jr.
United States District Judge